Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| CONSEJO TITULARES DEL CONDOMINIO TERRAZAS DE SAN JUAN; SR. PEDRO MONTALVO, PRESIDENTE<br><br>Recurrida<br><br>v.<br><br>UNLIMITED CONSTRUCTION, INC.; UNIVERSAL INSURANCE COMPANY<br><br>Recurrente | KLRA202300332 | Revisión Judicial Procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm.:<br>SAN-2022-0010612<br><br>Sobre:<br>Ley Núm. 5 de 23 de abril de 1973 (Ley Orgánica de DACO) |

Panel integrado por su presidente el Juez Rodríguez Casillas, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 28 de septiembre de 2023.

El 5 de julio de 2023, Unlimited Construction, Inc. (en adelante, Unlimited o recurrente) sometió ante la consideración de este Tribunal de Apelaciones una *Revisión judicial de decisión administrativa* en la que nos solicita la revocación de la *Resolución administrativa* emitida el 28 de abril de 2023 y notificada el 4 de mayo de 2023 por el Departamento de Asuntos del Consumidor (en adelante, DACo). Por virtud del aludido dictamen, el DACo declaró Con Lugar la *Querella* instada por el Consejo de Titulares del Condominio Terrazas de San Juan (en adelante, parte recurrida).

Examinado el legajo apelativo, resolvemos **confirmar** la decisión recurrida.

I

Según demuestra el expediente, el 3 de enero de 2022 la parte recurrida instó ante el DACo y contra la recurrente una *Querella* en la que,

en síntesis, alegó haber suscrito un contrato con Unlimited para unos trabajos relacionadas a las tejas de 13 edificios y que la recurrente no ejecutó el contrato adecuadamente. Así, solicita el cumplimiento específico del contrato y el pago de una compensación por daños, así como costas y honorarios de abogado. En la alternativa, se solicita que se obligue a Universal Insurance Company- aseguradora con la que Unlimited contrató el correspondiente *Performance Bond*, al desembolso de la fianza, de manera que pueda culminarse los trabajos y reparar las filtraciones que algunos residentes del condominio sufren.

Tras los trámites de rigor, la vista administrativa fue celebrada los días 23 de enero de 2023 y el 16 de marzo de 2023. Recibida la prueba, el 28 de abril de 2023, el DACo emitió su *Resolución*. En esta, formuló 33 determinaciones de hechos en virtud de las que determinó como a continuación se transcribe:

> En el presente caso la parte querellada, tenía la obligación de prestar los servicios para los cuales fue [contratada] según se había estipulado entre las partes, construcción en la residencia de la parte querellante. La prueba que obra en el expediente administrativo demostró que la parte querellada incumplió su obligación al no realizar un trabajo satisfactorio, veamos.
>
> En la querella de epígrafe, la Querellada fue contratada para realizar unos trabajos de construcción en los edificios de la Querellante, específicamente, debía remover 7,840 pies cuadrados de tejas que habían sufrido daños tras los embates de los huracanes Irma y María. Además, debían trabajar el área de las rejas removidas para poder instalar nuevas tejas en dichas áreas. Es decir, debía limpiar y trabajar en el techo para sellar el área e instalar las nuevas tejas. En cuanto a costos relevantes a esta resolución, las tejas tenían un costo de $38,240.00 y el sellador de techo tenía un costo de $33,600.00. La prueba demostró que la Querellante tuvo que contratar un nuevo contratista para trabajar filtraciones persistentes, las cuales se subsanan mediante la instalación de sabaletas en 34 áreas a un costo *lump sum* de $300 por área trabajada. Esto, toda vez que los trabajos realizados por Unlimited resultaron insuficientes para sellar las filtraciones en esas áreas.
>
> Según el propio contrato entre las partes, el sellado de las áreas a trabajarse era cuantificablemente equivalente al costo de las tejas, por lo cual este Departamento entiende que el sellado de las áreas era una condición esencial de ese contrato y dicha condición fue incumplida o defectuosamente ejecutada causando que la Querellante incurriera en costos adicionales de flashing para subsanar las filtraciones persistentes. Sin embargo, la prueba también demostró que la Querellada no trabajó sobre toda la superficie de los techos, razón por la cual el DACO está tomando como medida de costos, excluyendo

bajo el derecho abajo aplicado el costo estimado por el Sr. Amador y sustituyéndolo por el Sr. Morales, la cantidad de $300 x 34= $10,200.00.

Se utiliza la medida de costos presentada por la Querellante, toda vez que la parte Querellada, correctamente alegó que la Regla 14.4 del Reglamento de Procedimientos Adjudicativos del DACO, que dispone que:

"La persona encargada de la investigación o inspección, luego de culminada, preparará en forma detallada un informe que cubra toda la investigación. El informe **deberá ser claro y conciso conteniendo un estimado de costos detallado de las piezas, artículos, materiales y la cantidad global de costos de los servicios necesarios para un remedio adecuado**."

Fue incumplida por el Departamento, al no contener det[a]lladamente su informe un estimado de las piezas, artículos, materiales y la cantidad de costos de los servicios necesarios para proveer un remedio adecuado. Es decir, un informe de inspección realizado bajo la Regla 14.4 del Reglamento, debe contener un estimado de costos detallados de las piezas, artículos, materiales y la cantidad global de costos de los servicios necesarios para proveer un remedio adecuado. No puede descansar meramente en un estimado global de dichos costos.

Por todo lo anterior y conforme las facultades delegadas bajo la Ley Núm. 5 del 23 de abril de 1973, según enmendada, este Departamento emite la siguiente:

### ORDEN

**Por los fundamentos que anteceden se declara CON LUGAR la querella de epígrafe y, en consecuencia, se ordena a la parte querellada, Unlimited Construction, Inc., a pagar a la parte querellante, Consejo de Titulares del Condominio Terrazas de San Juan, la cantidad ajustada de $10,200.00 en concepto de daños y/o reembolso por los trabajos de construcción defectuosos bajo el contrato de obras. Dicha obligación deberá cumplirla en un término de treinta (30) días calendarios desde el archivo en autos de la presente [resolución].**

**La misma acumulará los intereses legales vigentes para las sentencias judiciales y estará sujeta a la imposición de multas reglamentarias por incumplimiento de hasta diez mil dólares ($10,000.00).**

En desacuerdo con lo resuelto en el caso, Unlimited sometió una *Moción de reconsideración* con fecha del 20 de mayo de 2023. El DACo no atendió dicho escrito dentro del término que la ley establece debe hacerlo, por lo que la recurrente instó el recurso de revisión administrativa de epígrafe. En este, señaló que el DACo se equivocó al:

[…] concluir que las áreas de las tejas trabajadas por Unlimited Construction[,] Inc[.] sufrían de filtraciones, pese a la ausencia total de prueba para ello.

[…] no tomar en consideración el único testimonio pericial en el caso, el del Ingeniero Antonio Echevarría Velázquez, quien concluyó que los trabajos fueron realizados según contratados y que los problemas de filtración no están relacionados a las tejas instaladas por Unlimited Construction[,] Inc[.]

[…] sustituir el costo estimado preparado por el inspector del DACO, Edgardo Amador, por el del comerciante contratado por la recurrida, Héctor Morales Méndez.

Atendido el recurso, el 11 de julio de 2023, emitimos *Resolución* mediante la que le ordenamos a la parte recurrida a someter su posición en 30 días. Vencido este plazo, esta no ha comparecido, por lo que damos por perfeccionado el recurso y procedemos a resolver sin el beneficio de su comparecencia.

II

A.

La competencia de este Tribunal de Apelaciones para revisar las actuaciones administrativas está contemplada en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38-2017, 3 LPRA Sec. 9601, *et seq.* A tales efectos, la Sección 4.1 de la LPAU dispone sobre la revisión judicial aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias, las que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión. 3 LPRA Sec. 9671. Asimismo, la Sección 4.2 de la LPAU establece que la parte adversamente afectada por una orden o resolución final de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión dentro de treinta (30) días contados a partir de la fecha de archivo en autos de la notificación de la orden o resolución final. 3LPRA Sec. 9672. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. Empresas Ferrer v. A.R.Pe., 172 DPR 254, 264 (2007).

Para impugnar la razonabilidad de la determinación administrativa, es necesario que la parte recurrente señale la prueba en el récord que reduzca o menoscabe el peso de la evidencia que obra en el expediente administrativo. Domínguez v. Caguas Expressway Motor, 148 DPR 387, 397-398 (1999) citando a Hilton Hotels. v. Junta Salario Mínimo, 74 DPR 670, 686 (1953). La misma, debe ser suficiente como para que pueda descartarse en derecho la presunción de corrección de la determinación administrativa, no pudiendo descansar en meras alegaciones. Com. Vec. Pro-Mej., Inc. v. J.P., 147 DPR 750, 761 (1999). El criterio rector para examinar una decisión administrativa es la razonabilidad de la actuación de la agencia recurrida. González Segarra et al. v. CFSE, 188 DPR 252, 276 (2013).

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712 (2012), citando a Empresas Ferrer v. A.R.Pe., *supra*, a la pág. 264.

En lo referente a la revisión judicial de las determinaciones de hechos dictaminadas por una agencia administrativa, es importante recordar que dicho ejercicio se circunscribe a evaluar si las mismas se basaron en evidencia sustancial considerando la totalidad del expediente administrativo. 3 LPRA, sec. 9675; Super Asphalt v. AFI y otro, 206 DPR 803, 820 (2021); Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117 (2019). Evidencia sustancial es toda aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Íd.*, a la pág. 127.

En aquellos casos en que la impugnación de las determinaciones de hecho se base en la prueba oral desfilada, así como en la credibilidad que esta le mereció a la agencia administrativa, es imprescindible que se traiga a la consideración del foro revisor la transcripción de la vista celebrada o una exposición narrativa de la prueba. *Íd.*, a la pág. 129, citando a Camacho Torres v. AAFET, 168 DPR 66, 92 (2006). En ausencia de la prueba oral, "difícilmente se podrá descartar la determinación impugnada, siendo tarea de la parte interesada someter al foro revisor la prueba oral bajo la que se pretende impugnar las determinaciones de una agencia administrativa. *Id*.

-III-

Según expusimos, en el presente recurso Unlimited recurre de la determinación emitida por el DACo mediante la que se declaró Ha Lugar la reclamación instada en su contra por la parte recurrida. Así, en la discusión del primer error señalado, señala que la conclusión que alcanzó el DACO sobre la deficiencia de los trabajos realizados por ella no encuentra apoyo en la prueba. En contrario, afirma que "toda la prueba desfilada, tanto de la recurrente como de la recurrida, demostró que todos los edificios del [C]ondominio Terrazas de San Juan sufrían de serias filtraciones en todas sus áreas, más allá del área que ubican las tejas." Para apoyar este argumento, hace referencia al testimonio del Sr. Héctor Morales Méndez de HJ Máster Solutions; al testimonio y la opinión pericial del Ing. Antonio Echevarría Velázquez, su perito; y a la declaración del Arq. Jonathan Rocafort, quien fue el inspector del proyecto.

De otra parte, en su segundo señalamiento de error, Unlimited plantea que la decisión alcanzada es una errada que no consideró el testimonio de su perito, quien estableció que los trabajos fueron realizados adecuadamente, según contratados. En particular, expone que el testimonio de su perito merece entero crédito y contiene un valor probatorio significativo; resalta que las cualificaciones de este no fueron impugnadas

ni minadas durante el turno del contrainterrogatorio. Por último y en cuanto a este asunto, argumenta que, dado que la resolución recurrida no expresa que dicho testimonio no le mereció credibilidad, el no haberlo considerado es razón suficiente para que se revoque el dictamen emitido por el DACo.

Finalmente, al argumentar su tercer y último señalamiento de error, Unlimited expone que el DACo falló cuando, luego de descartar el informe del inspector por no estar preparado conforme a la reglamentación de la agencia, utilizó el testimonio del Sr. Héctor Morales Méndez de HJ Máster Solutions para calcular la cantidad que impuso en la resolución como pago por las alegadas deficiencias en el trabajo de la recurrente. Sostiene que al descartarse el informe preparado por el inspector del DACo, la agencia quedó desprovista de evidencia que le permitiera aquilatar los hechos alegados en la *Querella,* por lo que procedía revocarle.

Como podemos observar, cada uno de los errores señalados y discutidos por Unlimited, está directa o indirectamente relacionado con el valor probatorio y la suficiencia de la prueba que tuvo el DACo ante su consideración para resolver la controversia. Pese a este hecho, sorprendentemente, Unlimited no hizo uso de ninguno de los instrumentos que tenía disponibles para procurar obtener la reproducción de la prueba testifical.[1] O sea, que no tenemos disponible, porque no se nos proveyó, una transcripción de la prueba oral que nos coloque en posición de evaluar las determinaciones de hechos emitidas por el DACo en el caso de autos, así

---

[1] El Reglamento del Tribunal de Apelaciones en su Regla 66, 4 LPRA Ap. XXII-B R. 66, establece que cuando se apunte un error en la apreciación de la prueba oral o que alguna determinación de hechos no esté sostenida por la prueba y sea necesario recurrir a la reproducción de la prueba oral, la parte recurrente lo hará constar en moción por separado, presentada junto al escrito de revisión. Igualmente, la citada regla establece que en el escrito a ser sometido, la parte interesada sustanciará y probará la necesidad de recurrir a la prueba oral, con vista a las determinaciones de hechos de la agencia o del funcionario o funcionaria, haciendo referencia a las cuestiones planteadas en la solicitud de revisión y al contenido de los testimonios específicos que se interesa utilizar. Es menester señalar que la reproducción de la prueba oral a la que esta regla se refiere, debe hacerse conforme a lo estatuido en las Reglas 76 y 76.1 de nuestro Reglamento.

como la razonabilidad de estas frente a la prueba contenida en el expediente administrativo.

Debido a la presunción de corrección que reviste a las decisiones administrativas, según discutido, la recurrente tenía la obligación de colocarnos en posición de poder atender correctamente sus planteamientos sobre la apreciación, credibilidad y valor probatorio de la prueba oral desfilada ante el DACo. Esto, causa que no podamos intervenir con las determinaciones de hechos del DACo, así como aquellas conclusiones alcanzadas por este en virtud de la prueba oral que tuvo ante su consideración. Lo que tenemos ante nos son meras alegaciones, y sabido es que ello, no constituye prueba.

IV

Por los fundamentos antes esbozados, confirmamos la *Resolución* emitida por el DACo en la causa de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones